```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/04/2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
FREDDIE PORTER,                                     :
                            Plaintiff,              :
                                                    :         12 Civ. 4909 (JMF)
            -v-                                     :
                                                    :         MEMORANDUM
ICAHN HOUSE EAST, LLC,                              :         OPINION AND ORDER
                            Defendant.              :
                                                    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Icahn House East, LLC moves to dismiss *pro se* Plaintiff Freddie Porter's Amended Complaint, which alleges claims of discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Plaintiff failed to oppose the motion, so his claims are deemed abandoned. *See, e.g.*, *Tribble v. City of New York*, No. 10 Civ. 8697 (JMF), 2013 WL 69229, at *3 (S.D.N.Y. Jan. 3, 2013). In any event, his claims also fail as a matter of law substantially for the reasons stated in Defendant's Memorandum of Law. (Docket No. 14). At bottom, the only allegation Plaintiff makes in support of his claim that he was treated differently on account of age is that his supervisor called him "old man." (Am. Compl. ¶ II.E). Without more, however, such an allegation does not suffice to state a claim of discrimination. *See, e.g.*, *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998); *Mikingberg v. Bemis Co., Inc.*, No. 12 Civ. 850 (KBF), 2013 WL 154246, at *6 (S.D.N.Y. Jan. 15, 2013); *Morris v. Bellevue Hosp. Ctr.*, No. 09 Civ. 5692 (SLT) (RML), 2012 WL 5932784, at *5 (E.D.N.Y. Nov. 27, 2012). And Plaintiff makes no allegations whatsoever in support of his retaliation claim; in fact, he expressly alleges that he did *not* complain about how he was being treated because he "needed work." (Am. Compl. ¶ II.E).

Accordingly, Defendant's motion to dismiss is GRANTED, and the Amended Complaint is dismissed in its entirety. The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff and to close the case.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and in forma pauperis status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 4, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge